# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation; OAKLEY, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC SUNGLASSES LLC, an Oklahoma Corporation also known as SUNNY SHADES LLC; LA FASHION EYEWEAR LLC, a Texas Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. |

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**Plaintiffs Luxottica Group S.p.A.** and **Oakley, Inc.** (collectively "Plaintiffs") for their claims against **Defendants Atlantic Sunglasses LLC** also known as **Sunny Shades LLC** and **LA Fashion Eyewear LLC** (collectively "Defendants") respectfully allege as follows:

## JURISDICTION AND VENUE

1.     Plaintiffs file this action against Defendants for trademark infringement, trademark dilution, and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims under the statutory and common law of Texas. This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.     This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as Plaintiffs' Lanham Act claims.

3.     This Court has personal jurisdiction over Defendants because Defendants are incorporated and/or are domiciled in this judicial district.

4.     This action arises out of wrongful acts by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5.     Plaintiff Luxottica Group, S.p.A. ("Luxottica") is a corporation duly organized under the laws of Italy with its principal place of business at Piazzale Luigi Cadorna 3, Milan, 20123 Italy, and an office located at 4000 Luxottica Place, Mason, Ohio 45040-8114.  Luxottica is, in part, engaged in the business of producing, manufacturing and distributing throughout the world, including within this judicial district, premium and luxury eyewear products under federally registered trademarks, including but not limited to the Ray-Ban® family of trademarks.

6.     Plaintiff Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, and California 92610.

7.     Upon information and belief, Defendant Atlantic Sunglasses LLC, also known as Sunny Shades LLC, (hereinafter "Sunny Shades") is a corporation organized and existing under the laws of the State of Oklahoma with its principal place of business located at 5425 S. 99th East Avenue, Tulsa, Oklahoma 74146-5703.

8.     Upon information and belief, Defendant LA Fashion Eyewear LLC (hereinafter "LA Fashion Eyewear") is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 5700 Braxton Drive, Suite 200, Houston, Texas 77036-2125.

9.     Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiffs will

seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiffs are informed and believe, and based thereon allege, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendants had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     Luxottica's World Famous RAY-BAN® Brand and its Products

11.     Luxottica is engaged in the manufacture, marketing and sale of premium and luxury eyewear throughout the world.  Luxottica's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

12.     Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

13.     Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores throughout the United States, including Texas, and reaches customers nationally and internationally online at www.ray-ban.com.

14.     Luxottica is the owner of various trademarks under the Ray-Ban® brand, including but not limited to the following United States Trademark Registrations (collectively "Ray-Ban Marks"):

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18.<br><br>cloths for cleaning ophthalmic products, in class 21.<br><br>clothing and headgear; namely, hats, in class 25. |
| RAY-BAN | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18.<br><br>clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |

| | 1,320,460 | sunglasses and carrying cases there for, in class 9. |
|---|---|---|
| | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

15.     Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Marks.  As a result, products bearing the Ray-Ban Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality eyewear products sourced from Luxottica. The Ray-Ban Marks qualify as "famous marks" as defined in 15 U.S.C. §1125(c)(1).

16.     Luxottica has  long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Marks.  These registrations are valid and the majority are incontestable.

17.     The Ray-Ban Marks have never been abandoned and are a symbol of Luxottica's quality, reputation, and goodwill.

18.     Accordingly, the Ray-Ban Marks have achieved secondary meaning as an identifier of high quality eyewear.

**B.     The OAKLEY® Brand and its Products**

19.     Oakley has been actively engaged in the manufacture and sale of high quality eyewear since at least 1985. Oakley is the manufacturer and retailer of numerous lines of eyewear and other products that have enjoyed substantial success and are protected by various intellectual property rights owned by Oakley.

20.     Oakley is the owner of various trademarks (collectively, the "Oakley Marks"), including but not limited to the following United States Trademark Registrations:

| Trademark | Registration No. | Good And Services |
|---|---|---|
| **OAKLEY** | 1,521,599 | International Class 9 - sunglasses and accessories for sunglasses, namely, replacement lenses, ear stems and nose pieces. |
| | 1,984,501 | International Class 9 - protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories.<br><br>International Class 25 - clothing and headwear, namely T-shirts, sweatshirts, jackets, hats, and caps. |
| | 1,990,262 | International Class 9 - protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, ear stems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories. |
| | 3,331,124 | International Class 9 - Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, ear stems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories; and protective clothing, |

| | | |
|---|---|---|
| | | namely, racing pants.<br><br>International Class 25 - Clothing, namely, t-shirts, beach-wear, blouses, sports shirts, jerseys, swimwear, swim trunks, shorts, underwear, shirts, pants, ski and snowboard pants and jackets, jeans, vests, jackets, wetsuits, sweaters, pullovers, coats, sweatpants, headwear, namely, hats, caps, visors and footwear, namely wetsuit booties, shoes, sandals, athletic footwear, all purpose sports footwear, thongs and boots. |
| | 3,365,728 | International Class 9 - Electronics, namely portable digital electronic devices for recording, organizing, and reviewing text, data and audio files; computer software for use in recording, organizing, and reviewing text, data and audio files on portable digital electronic devices; transmitters, receivers, speakers and parts thereof for use with cellular, wireless computer and telephone communication systems; communication devices for use on eyewear, namely earpieces, transmitters, receivers, speakers and part thereof for use with cellular, wireless computer and telephone communication systems; wearable audio visual display, namely eyewear containing an audio visual display; wireless telecommunications modules. |

21.     Oakley has continuously used the Oakley Marks in interstate commerce since their respective dates of first use. Many of the registrations to the Oakley Marks, including those set forth above, are incontestable.

22.     Over the years Oakley has invested a considerable amount of time and money in establishing the Oakley Marks in the minds of consumers as a source of high quality eyewear. As a result of Oakley's substantial use and promotion of the Oakley

Marks in connection with the eyewear and other products, the marks have acquired great value as a specific identifier of Oakley's products and serve to distinguish Oakley's products from that of others. Customers in this judicial district and elsewhere readily recognize the Oakley Marks as distinctive designations of origin of Oakley's products. The Oakley Marks are intellectual property assets of great value as a symbol of Oakley's quality products and goodwill.

### C.   Defendants' Infringing Activities

23.     Upon information and belief, Plaintiffs hereon aver that Defendants have used the Ray-Ban Marks and Oakley Marks in connection with the sale, promotion and advertising of both generic and knock-off eyewear that is nearly identical in appearance to authentic Oakley® and Ray-Ban® eyewear.

24.     Upon information and belief, Sunny Shades operates approximately 99 retail kiosks at various shopping centers in Florida, Kansas, Mississippi, Missouri, Oklahoma, Tennessee, and Texas wherein eyewear and sunglasses are advertised, marketed, promoted, offered for sale, and/or sold to consumers.

25.     Sunny Shades has utilized the "RAY-BAN" and "OAKLEY" word marks to promote the sale of generic and/or knock-off eyewear (see exemplar below) at its retail kiosks, including those located in this judicial district, when Sunny Shades is not in fact selling authentic RAY-BAN® and/or OAKLEY® eyewear.

 

26.     Upon information and belief, LA Fashion Eyewear is affiliated with, associated with,  owns or is owned by, and/or is a predecessor or successor of Sunny Shades.  Signage bearing the name "LA FASHION EYEWEAR" is exhibited at the same retail kiosks from which the infringing displays shown above have been found.

27.     Defendants' use of the Ray-Ban Marks and Oakley Marks is likely to cause confusion or mistake or to deceive consumers as to the origin, sponsorship, affiliation, or endorsement of Defendants' sunglasses and Plaintiffs' authentic goods.

28.     The infringing use of the Ray-Ban Marks and Oakley Marks is likely to at least initially confuse consumers into purchasing Defendants' sunglasses, thereby misappropriating Plaintiffs' goodwill established in the Ray-Ban Marks and Oakley Marks.

29.     Plaintiffs have not authorized Defendants' use of the Ray-Ban Marks and Oakley Marks in any form or variation. Plaintiffs have not approved, authorized, sponsored, or endorsed any of Defendants' products.

30.     Defendants' eyewear is targeted to substantially the same consumer base as Plaintiffs' authentic sunglasses.

31.     Customers familiar with the Ray-Ban Marks and Oakley Marks and looking for Oakley® and/or Ray-Ban® sunglasses would likely believe, incorrectly, that Defendants' retail outlets relate to or will direct customers to authentic Oakley® and/or Ray-Ban® products and a means to purchase the same.

32.     Defendants' offering of products in connection with the Ray-Ban Marks and Oakley Marks improperly trades off the goodwill Plaintiffs have established in said marks in order to improperly attract consumers to Defendants' sunglasses.

33.     Once a consumer approaches Defendants' products, even if the consumer recognizes that said eyewear is not in fact authentic Oakley® and/or Ray-Ban® eyewear or that Defendants are not affiliated with Plaintiffs, the consumer may still purchase Defendants' sunglasses. In this manner, the infringing use of the Ray-Ban Marks and

Oakley Marks in connection with the advertisement and promotion of Defendants' goods will harm the goodwill in said marks by weakening the association of these marks with Plaintiffs' brands, and such consumers are likely to instead purchase Defendants' sunglasses.

34.    Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of Plaintiffs' ownership of the Ray-Ban Marks and Oakley Marks, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

35.    Upon information and belief, Defendants have engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiffs' rights for the purpose of trading off the goodwill and reputation of Plaintiffs. If Defendants' willful infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be damaged.

36.    Defendants' above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Plaintiffs' genuine goods and Defendants' Infringing Products.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement - 15 U.S.C. § 1114)

37.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

38.    The Ray-Ban Marks and Oakley Marks are both nationally and internationally recognized, including within this judicial district, as being affixed to goods and merchandise of the highest quality and coming from Plaintiffs.

39.     The registrations embodying the Ray-Ban Marks and Oakley Marks are in full force and effect and are incontestable.

40.     Defendants' infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Defendants' goods or services and falsely mislead consumers into believing that Defendants' products originate from Plaintiffs; are affiliated or connected with Plaintiffs; or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiffs; or that Plaintiffs control the quality of Defendants' products.

41.     Defendants' infringing actions, as set forth above, are likely to at least initially confuse consumers into purchasing Defendants' eyewear and allowing Defendants to misappropriate Plaintiffs' goodwill.

42.     Defendants' infringing use of the Ray-Ban Marks and Oakley Marks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control its trademarks.

43.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

44.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with the Ray-Ban Marks and Oakley Marks.

45.     As a direct and proximate result of Defendants' infringing activities, Plaintiffs have been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiffs' trademarks.

46.     Plaintiffs have no adequate remedy at law.

47.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks and Oakley Marks, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition – 15 U.S.C. §1125(a))

48.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49.     Defendants' infringing activities, as set forth above, are likely to cause confusion, mistake, or deception, or to deceive consumers as to the source, origin, affiliation, association, or sponsorship of Plaintiffs' goods and services or Defendants' goods and services and falsely mislead consumers into believing that Defendants' products originate from Plaintiffs; are affiliated or connected with Plaintiffs; or are licensed, sponsored, authorized, approved by, or sanctioned by Plaintiffs; or that Plaintiffs control the quality of Defendants' products.

50.     Defendants' use of the Ray-Ban Marks and Oakley Marks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights.

51.     Plaintiffs have been irreparably damaged by Defendants' unfair competition and misuse of the Ray-Ban Marks and Oakley Marks.

52.     Plaintiffs have no adequate remedy at law.

53.     Defendants' egregious conduct in selling infringing merchandise is willful and intentional.

54.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks and Oakley Marks, or any trademarks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

### THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

55.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

56.     Plaintiffs are the exclusive owner of the Ray-Ban Marks and Oakley Marks.

57.     The Ray-Ban Marks and Oakley Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act.

58.     The Ray-Ban Marks and Oakley Marks are all inherently distinctive marks that have been in use for many years and play a prominent role in Plaintiffs' marketing, advertising, and the popularity of its products.

59.     The Ray-Ban Marks and Oakley Marks were famous long before Defendants began using unauthorized reproductions,  copies, and/or colorable imitations of the Ray-Ban Marks and Oakley Marks on infringing merchandise.

60.     Defendants have used the Ray-Ban Marks and Oakley Marks in commerce and in connection with the sale of their products.

61.     Consumers are likely to purchase Defendants' infringing products in the erroneous belief that Defendants' are affiliated, connected or associated with Plaintiffs or that Plaintiffs are the source of Defendants' products.

62.     Defendants' acts described above have diluted and continue to dilute Plaintiffs' unique and distinctive trademarks. Defendants' infringing use of the Ray-Ban Marks and Oakley Marks in connection with its products is also likely to tarnish said

marks and cause blurring in the minds of consumers between Plaintiffs and Defendants, thereby lessening the value of the Ray-Ban Marks and Oakley Marks as unique identifiers of Plaintiffs' Oakley® and Ray-Ban® brands.

63.     These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury to Plaintiffs' goodwill and reputation associated with the value of the Ray-Ban Marks and Oakley Marks.

64.     Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiffs' reputation and to dilute the Ray-Ban Marks and Oakley Marks. Defendants' conduct is willful, wanton and egregious.

65.     Defendants' acts have caused and will continue to cause irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing acts, unless they are enjoined by this Court.

66.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Ray-Ban Marks and Oakley Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

67.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

68.     Defendants' infringement of the Ray-Ban Marks and Oakley Marks constitutes common law trademark infringement and unfair competition in violation of the common law of the state of Texas.

69.     Defendants are competitors of Plaintiffs and have utilized the Ray-Ban Marks and Oakley Marks in connection with the promotion, advertisement, and marketing of its products in an effort to exploit Plaintiffs' reputation in the market.

70.     Defendants' infringing acts were intended to capitalize on Plaintiffs' goodwill associated therewith for Defendants' own pecuniary gain.  Plaintiffs have expended substantial time, resources and effort to obtain an excellent reputation for its RAY-BAN® and OAKLEY® brands.  As a result of Plaintiffs' efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiffs.

71.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

72.     Plaintiffs have no adequate remedy at law to compensate them fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless they are enjoined by this Court.

73.     The conduct herein complained of was extreme, outrageous, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was in bad faith, harmful to Plaintiffs and as such supports an award of exemplary, and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar such conduct in the future.

74.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from infringing the Ray-Ban Marks and Oakley Marks, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants on all claims, as follows:

1.      For entry of an ORDER granting permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)      using the Ray-Ban Marks and Oakley Marks in connection with the manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, and/or selling of Defendants' products, including but not limited to the display of said trademarks at Defendants' stores and/or website to promote, advertise, and/or offer for sale products that are not authorized, approved, and/or originate from Plaintiffs;

(b)      engaging in any other activity constituting unfair competition with Plaintiffs, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiffs;

(c)      engaging in any other activity that will dilute the distinctiveness of the Ray-Ban Marks and Oakley Marks;

(d)      committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiffs;

2.      For entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

3.      For entry of an ORDER directing Defendants to file with this Court and serve on Plaintiffs within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

4.      For an assessment of the damages suffered by Plaintiffs, trebled, and an award of all profits that Defendants have derived from using the Ray-Ban Marks and Oakley Marks, trebled, as well as costs and attorneys' fees to the full extent provided for

by Section 35 of the Lanham Act; alternatively, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and infringed, per type of good;

5.     For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

6.     For an award of punitive and/or exemplary damages in connection with its claims under Texas state/common law;

7.     Such other relief as may be just and proper.


Dated:        June 24, 2015              Respectfully Submitted,
              Manhattan Beach, CA


                                         */s/ Cindy Chan*_____
                                         Brent H. Blakely (2137566)
                                         Cindy Chan (2137564)
                                         Attorneys in Charge
                                         BLAKELY LAW GROUP
                                         1334 Parkview Avenue, Suite 280
                                         Manhattan Beach, California 90266
                                         T:  (310) 546-7400
                                         F:  (310) 546-7401
                                         ***Attorneys for Plaintiffs***
                                         ***Luxottica Group S.p.A. and Oakley, Inc.***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Luxottica Group, S.p.A and Oakley, Inc. hereby demand a trial by jury of all claims in this litigation.

Dated:      June 24, 2015      Respectfully Submitted,
           Manhattan Beach, CA

*/s/ Cindy Chan*_____
Brent H. Blakely (2137566)
Cindy Chan (2137564)
Attorneys in Charge
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
T:  (310) 546-7400
F:  (310) 546-7401
***Attorneys for Plaintiffs***
***Luxottica Group S.p.A. and Oakley, Inc.***